CHARLES W. HERZOG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Herzog v. Commissioner
Docket Nos. 20378-80, 20379-80.
United States Tax Court
T.C. Memo 1982-133; 1982 Tax Ct. Memo LEXIS 614; 43 T.C.M. (CCH) 807; T.C.M. (RIA) 82133; March 18, 1982. Charles W. Herzog, pro se. William R. McCants, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This motion was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *615 OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: These consolidated cases are before the Court on respondent's motion for partial summary judgment. The hearing on the motion was conducted in Tampa, Florida, on October 29, 1981. Respondent determined deficiencies in petitioner's Federal income tax for the years 1977 and 1978 in the amounts of $ 1,630 and $ 4,978, respectively. Respondent also imposed additions to tax for those years, under section 6653(b), in the amounts of $ 815 and $ 2,489, respectively. Respondent's motion for partial summary judgment concerns only the deficiencies. The only issue is whether amounts received by petitioner in compensation for his services are includable in gross income, under section 61. Petitioner admits that he performed services for which he was compensated during the years in question. His work included plumbing, fitting, and air conditioning. Petitioner argues, however, that the compensation which he received is not taxable. It is petitioner's theory that his labor is his property, and that no income arises from a sale of this "property" for an amount equal to its value. Rule 121(b), Tax Court Rules of Practice *616 and Procedure, provides that summary judgment may be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Despite the evasiveness demonstrated by petitioner when questioned on the matter at the hearing, we are convinced that, by his repeated statements that his Forms W-2 for the years in question were "incorrect," petitioner is not alleging that a clerical error caused an incorrect amount of payments to be recorded, or that the W-2s contain any other error of fact, but rather is making a legal argument that the characterization of the payments as taxable compensation is incorrect. Therefore, we find that there is no genuine issue as to any material fact. We also find that petitioner's legal argument is without merit. Section 61(a)(1) provides that gross income includes "compensation for services." The payments received by petitioner are clearly within the scope of that provision. As the Court stated in Thomas v. Commissioner,T.C. Memo. 1981-128, *617 affd. in an unpublished opinion 624 F.2d 1108 (8th Cir. 1980): It is clear that tax on income is constitutional and a direct tax, and that Congress has intended to tax income from a number of sources, including compensation for labor or services performed. Accordingly, respondent's motion for partial summary judgment that petitioner is liable for deficiencies in income tax in the amounts determined will be granted.
An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.